UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HARRY RICHARD BRITTON and PENELOPE J. BRITTON dba PENMAR MARINE CO., et al., <br><br> Plaintiff, <br><br> v. <br><br> ST. PAUL FIRE AND MARINE INSURANCE COMPANY, <br><br> Defendant. | CASE NO. C05-869RSM <br><br> ORDER ON MOTION TO STRIKE |

This matter is before the Court for consideration of defendant's motion to strike portions of plaintiffs' complaint. Plaintiff has opposed the motion. For the reasons set forth below, defendant's motion (Dkt. # 6) is DENIED.

## DISCUSSION

Defendant has moved pursuant to F.R.Civ. Proc. 12(f) to strike ¶¶17 and 18 of the complaint, in which plaintiff alleges certain facts relating to mediation and settlement in a prior case involving these parties, St. Paul Fire and Marine Insurance Company v. Penmar Marine Co., C01-2005L. Defendant contends that disclosure in the complaint of facts relating to the mediation, and the amount of settlement, violates Federal Rule of Evidence 408 and the parallel Washington court evidentiary rule, as well as RCW 5.60.070, 28 U.S.C. § 652(d), and Local Rule CR 39.1.

Rule 12(f) provides that upon timely motion of a party, the Court may order stricken from a

ORDER ON MOTION TO STRIKE - 1

pleading "any redundant, immaterial, impertinent, or scandalous matter." F.R.Civ. Proc. 12(f). Defendant argues that the two paragraphs should be stricken under this rule, because the settlement negotiations and settlement amount are inadmissible under FRE 408, and because their disclosure violated the confidentiality provisions of Local Rule 39.1(a)(6), and the agreement itself.   However, defendant has not shown that the objectionable material is redundant, immaterial, impertinent, or scandalous within the meaning of Rule 12(f).

The fact that mediation took place, and the fact that defendant was ordered by the Court to attend that mediation, are matters of public record; these facts appear on the docket and in the record of the prior case. C01-2005L, Dkt. # 67.  Thus these facts cannot be considered confidential, and their disclosure cannot violate any confidentiality agreement. As to the amount of the settlement itself, it is not clear that the disclosure violates Local Rule 39.1(a)(6), which references the proceedings themselves rather than the result. To the extent that such disclosure does violate the confidentiality provisions of either the settlement agreement itself, Washington law, or the local rules, any sanctions would lie in the case in which the settlement occurred.   And while the actual amount may be inadmissible at trial under FRE 408, that is the basis for a motion at the proper time, whether summary judgment proceedings or trial. It does not appear to be a basis for a Rule 12(f) motion.

Accordingly, defendant's motion to strike is DENIED.

DATED this   28    day of  June  2005.


   /s/ Ricardo S. Martinez  
  RICARDO S. MARTINEZ  
  United States District Judge

ORDER ON MOTION TO STRIKE - 2